IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

KAITLIN BLACKBURN BAKER, et al.,

        Plaintiffs,

v.                                      CIVIL ACTION NO. 5:09-cv-00332

GREEN TREE SERVICING LLC,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Plaintiffs' Motion to Remand [Docket 77]. For the following reasons, the motion is **DENIED**.

*I. FACTUAL BACKGROUND & PROCEDURAL HISTORY*

On February 25, 2009, Plaintiffs Kaitlin Blackburn Baker, Cassandra Blackburn, and Tyler Blackburn filed their complaint in the Circuit Court for Raleigh County, West Virginia, alleging fourteen violations of the West Virginia Consumer Credit and Protection Act. (Docket 1-1.) Defendant Green Tree Servicing removed the case to this Court on April 2, 2009, asserting diversity of citizenship as the basis for federal subject matter jurisdiction. (Docket 1.) No motion to remand was filed at that time. On March 31, 2010, the Court ordered arbitration in accordance with the terms of the contract at issue and the Federal Arbitration Act. (Docket 70.) On August 1, 2011, the parties informed the Court that this case had been compromised and settled, and accordingly, the Court dismissed the case with prejudice. (Docket 71.) Four months later, Plaintiffs filed a motion to restore the case to the Court's active docket to pursue an infant settlement proceeding in

accordance with W. Va. Code § 44-10-14. (Docket 73.) The Court granted the motion and restored the case to its active docket. (Docket 75.) Rather than file the petition for approval of the infant settlement in this Court, however, Plaintiffs chose to file the instant motion to remand to state court for settlement approval. (Docket 77.)

## II. DISCUSSION

In their motion to remand and supporting memorandum, Plaintiffs state that the case should be remanded because state courts are better suited to protect minors. Plaintiffs also argue that they mistakenly initiated an infant settlement proceeding in circuit court and that the state court should therefore conclude the proceeding. (Docket 77 at 1-2.) Even assuming the Court agreed with Plaintiffs that state courts are better suited to protect minors, it is bound by the "virtually unflagging obligation . . . to exercise the jurisdiction given [it]." *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976). Federal courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not." *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 404 (1821). Plaintiffs cite no basis for relinquishing jurisdiction in this case other than convenience and general, unsupported policy claims. The Court can fathom no rationale for remanding this case to state court; no abstention doctrine applies and the Court retains subject matter jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (subject matter jurisdiction of federal courts on removal is determined at time of removal). Accordingly, the motion to remand is **DENIED**.

## III. CONCLUSION

Pursuant to the foregoing discussion, the motion to remand is **DENIED**. Plaintiffs are **DIRECTED** to file a petition pursuant to W. Va. Code § 44-10-14 within 30 days of the entry of

this order. A separate order will enter after the petition is docketed, setting a hearing date and appointing a guardian ad litem to represent the minor in this case. The Court recognizes that re-appointment of the same guardian ad litem appointed by the state circuit court may facilitate the infant settlement in federal court, and accordingly, Plaintiffs may recommend the appointment of a specific guardian ad litem to the Court in the petition.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 24, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE